IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


TIFFANY ROWLAND,                              09-CV-1340-BR

            Plaintiff,                        OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.


ROBYN M REBERS
McGinty & Belcher
694 High Street N.E.
P.O. Box 12806
Salem, OR 97309
503-371-9636

            Attorneys for Plaintiff

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**NANCY A. MISHALANIE**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA  98104
(206) 615-3619

                Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff Tiffany Rowland seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

        Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


### ADMINISTRATIVE HISTORY

        Plaintiff filed an application for DIB on August 29, 2006, alleging a disability onset date of August 26, 2002.

Tr. 117-24.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on February 14, 2007.  Tr. 633-66.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on April 18, 2007, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 24-39.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on May 31, 2009, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on March 22, 1982, and was 27 years old at the time of the hearing.  Tr. 117.  Plaintiff completed eighth grade.  Tr. 25.  Plaintiff has past relevant work experience as a dog bather and fast-food worker.  Tr. 59.

Plaintiff alleges disability due to arthritis, bipolar disorder, and an anxiety disorder.  Tr. 141.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

---

[1] Citations to the official transcript of record filed by the Commissioner on October 28, 2009, are referred to as "Tr."

medical evidence.  *See* Tr. 15-17.


## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility,

resolving conflicts in the medical evidence, and resolving

ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001). The court must weigh all of the evidence whether it

supports or detracts from the Commissioner's decision. *Robbins,*

466 F.3d at 882. The Commissioner's decision must be upheld even

if the evidence is susceptible to more than one rational

interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.

2005). The court may not substitute its judgment for that of the

Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.

2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential

inquiry to determine whether a claimant is disabled within the

meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially

dispositive.

In Step One, the claimant is not disabled if the

Commissioner determines the claimant is engaged in substantial

gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*,

454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R.

§ 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the

Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical

impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 29, 2006.  Tr. 12.

At Step Two, the ALJ found Plaintiff has the severe impairments of morbid obesity and bipolar disorder.  Tr. 12.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff has the RFC "to perform light work . . . except that she will require the option to alternate between sitting and standing."  Tr. 14.  The ALJ also found Plaintiff is limited to performing simple, routine tasks that consist of no more than three steps, involve limited co-worker contact, and do not include public contact.  Tr. 14.

At Step Four, the ALJ found Plaintiff is capable of performing her past relevant work as a dog bather "as generally performed."  Tr. 18.

Alternatively, at Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 19.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he did not fully credit the opinions of Jill Spendal, Psy.D., and Caleb Burns, Ph.D., examining psychologists.

## I.  Standard

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

## II.   Analysis

### A.   The ALJ did not err when he did not fully credit the opinion of Dr. Spendal.

Plaintiff contends the ALJ erred when he failed to fully credit the opinion of Dr. Spendal that Plaintiff has moderate limitations in her ability to remember locations and "work-like procedures"; to understand, to remember, and to carry out detailed instructions; to sustain ordinary routines without special supervision; to maintain socially appropriate behavior, to adhere to basic standards of cleanliness; to be aware of normal hazards and to take appropriate precautions; to set realistic goals; and to make plans independently of others. Tr. 191-92.

The record, however, reflects the ALJ gave "some weight" to Dr. Spendal's opinion, specifically Dr. Spendal's finding that Plaintiff can maintain concentration and attention for up to 15 minutes without difficulty and for longer than 15 minutes "when she wants." Tr. 17. The ALJ also gave weight to Dr. Spendal's opinion that Plaintiff "would have adequate cognitive skills and academic skills to earn her GED and be gainfully employed" if she received adequate psychiatric treatment for her symptoms. Tr. 15, 188. The ALJ, however, found Dr. Spendal's opinion contradicted the Mental Residual Function Capacity Report in which she checked the box indicating Plaintiff was compliant with treatment.

In addition, the ALJ noted the record reflects Plaintiff repeatedly failed "to follow recommended plans which would improve her situation" and at the hearing she only offered the explanation that she did not want her counselor "to lock [her] up in a mental hospital." Tr. 46. The ALJ also noted Plaintiff cares for her three young boys, which includes taking them to the park, four-wheeling, and horseback riding. Tr. 17. Finally, the ALJ noted Paul Rethinger, Ph.D., nonexamining medical consultant, opined Plaintiff has moderate difficulties maintaining social functioning and concentration, persistence, and pace. Tr. 16. Dr. Rethinger opined Plaintiff does not, however, have any difficulty understanding and remembering simple, repetitive instructions and is capable of simple, routine tasks. Tr. 16.

On this record, the Court finds the ALJ did not err when he gave only "some weight" to Dr. Spendal's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**B. The ALJ did not err when he did not fully credit the opinion of Dr. Burns.**

Plaintiff contends the ALJ erred when he failed to fully credit the opinion of Dr. Burns, examining psychologist, that Plaintiff had marked limitations in social functioning and in maintaining concentration, persistence, and pace. Tr. 16, 332-33.

The ALJ gave Dr. Burns's opinion "some weight."
Tr. 17.  Specifically, the ALJ accepted Dr. Burns's opinion that
Plaintiff should avoid contact with the public and have limited
contact with co-workers due to her "tumultuous history with
relationships."  Tr. 17.  The ALJ, however, rejected Dr. Burns's
opinion that Plaintiff is unable to maintain concentration or
attention because that opinion was contradicted by Dr. Spendal's
finding that Plaintiff can maintain concentration and attention
for up to 15 minutes without difficulty and for longer than 15
minutes "when she wants."  The ALJ found Dr. Burns's opinion as
to Plaintiff's inability to maintain concentration and attention
is not supported by the record and, in particular, by the fact
that Plaintiff cares for three boys under the age of ten, which
"requires a significant amount of attention and concentration."
Tr. 17.  In addition, the ALJ noted Dr. Spendal conducted a more
thorough examination of Plaintiff than Dr. Burns.  Finally, the
ALJ noted Plaintiff had contracted Sumac poisoning the day before
Dr. Burns's evaluation, and, as a result, Dr. Burns noted
Plaintiff's test results could have been "affected by the level
of antihistamines in her system."  Tr. 16.

On this record, the Court finds the ALJ did not err
when he gave only "some weight" to Dr. Burns's opinion because
the ALJ provided legally sufficient reasons supported by
substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 18th day of October, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge